UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY ANNE DETTAR,                                    Case No. 1:06-CV-481

        Plaintiff,                                   Hon. Richard Alan Enslen

    v.

COMMISSIONER OF SOCIAL
SECURITY,
                                                     **JUDGMENT**

       Defendant.
_____/

        This matter is before the Court on Petitioner Mary Anne Dettar's Objections to United States Magistrate Judge Ellen S. Carmody's Report and Recommendation of June 25, 2007, which affirmed Defendant Commissioner of Social Security's decision denying Plaintiff's claim for Disability Insurance Benefits.  This Court reviews the decision of the Commissioner to determine whether it is supported by substantial evidence.  42 U.S.C. § 405(g); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).  Upon review of the Objections and the record, the Court concludes that the Commissioner's decision should be affirmed because it is supported by substantial evidence.

        Plaintiff argues that medical records were improperly omitted from the record, such as a document drafted by Dr. Wong, dated April 1996, listing a diagnosis of fibromyalgia.  If evidence is not in the record when a hearing is conducted by an Administrative Law Judge ("ALJ"), it will not be considered by a reviewing court when determining whether substantial evidence supports the decision.  *See Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001).  A "sentence six" remand is appropriate when the evidence is both "material" and there is "good cause" for not presenting it earlier.  *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996).  Plaintiff has not established

the requirements for a "sentence six" remand.  Dr. Wong's record is not new, and Plaintiff has failed to establish good cause for her failure to submit the document to the ALJ.

Plaintiff also argues that she cannot perform substantial gainful activity ("SGA") and objects to the references made by the ALJ and Magistrate Judge to her leisure activities, tree removal work, pre-2003 medical history, and all associated findings therefrom.  As the Magistrate Judge correctly noted, the relevant question is not whether Plaintiff could work if she "had" to, but rather whether Plaintiff can engage in SGA.  Plaintiff's alleged impairments must be the primary reason for her inability to perform SGA; disability benefits are not a substitute for unemployment benefits.  *See* SSR 82-61.  As Plaintiff admits, she "would" work in order to stay financially afloat, although she prefers not to.  *See* Obj. 3.  The ALJ's determination that Plaintiff has the ability to perform SGA is supported by substantial evidence.

Plaintiff next argues that there is a conspiracy against her between the "Pharmocogenetics Machine," the "Mental Health Machine," and the "heartless corporate machine;" that no examination of her health was ever performed by Dr. Pai, or, in the alternative, that her former employer erased her memory of this examination; and that she was not of sound mind at the ALJ hearing because her former employer secretly gave her mind-altering drugs.  Based primarily on these arguments, she requests a new hearing in front of a different ALJ.  An allegation of a complaint "is frivolous where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The Court has discretion to refuse to accept, without question, the truth of allegations that are "clearly baseless," including those that are "fanciful, fantastic, delusional, wholly incredible, or irrational."  *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992).  Plaintiff's conspiratorial allegations are not only conclusory, they are fantastic or delusional, or both.  No facts have been pled that support Plaintiff's conspiracy claims, nor are those claims supported by the administrative record.

Similar to Plaintiff's medical evidence objection, she has not established the requirements for a "sentence six" remand.

To the extent Plaintiff is asserting a claim based upon procedural due process—such as by claiming bias on the part of the ALJ or Magistrate Judge because of their rulings—it should be noted that procedural due process does not require a particular outcome. *See Hawks v. Pontiac*, 874 F.2d 347, 350 (6th Cir. 1989). Furthermore, Plaintiff cannot properly claim bias when the determination of the fact-finder is based purely on the fact-finder's review of record evidence. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Objections (Dkt. No. 13) are **DENIED**, the Report and Recommendation (Dkt. No. 12) is **ADOPTED**, and the decision of the Commissioner of Social Security is **AFFIRMED.**

DATED in Kalamazoo, MI:
    August 28, 2007

    /s/ Richard Alan Enslen
RICHARD ALAN ENSLEN
SENIOR UNITED STATES DISTRICT JUDGE